UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:  Case No.: 15-53557
 Chapter 7
CARLY RENE SZPIECH, Hon. Walter Shapero

      Debtor.
_____/

**<u>OPINION AND ORDER IN CONNECTION WITH DEBTOR'S COMPLIANCE WITH JUNE 16, 2016 ORDER GRANTING MOTION FOR PRODUCTION OF DOCUMENTS PURSUANT OF FED.R.BANKR.P. 2004 (DOCKET NO. 42) ("ORDER")</u>**

At issue here is the extent to which Debtor has or has not complied with the requirements of the above referred to Order. Those requirements are stated in the Order dated June 16, 2016, as follows:

> That the Debtor, Carly Rene Szpiech (the "Debtor") shall produce and turn over the financial records and other documents identified below in her possession, custody, control or obtainable upon reasonable efforts, to the Chapter 7 Trustee counsel, Sonya N. Goll, at the law firm of Stevenson & Bullock PLC, 26100 American Dr., Ste. 500, Southfield, Michigan 48034 on or before close of business July 27, 2016:
>
> > 1. Copies of the cancelled checks or a legible check register for the Comerica Bank checking account ending in 2401 from September 14, 2013 through September 14, 2015;
> >
> > 2. Complete copies of all credit card and loan applications for all debts listed on the Debtor's Schedule F; and
> >
> > 3. Complete copies of all credit card statements for the 6 years prior to filing for all credit cards listed on Schedule F.

1

The Order also stated that if the Debtor was unable to produce the indicated documents, the Debtor was to file an affidavit detailing which documents were not produced, and explaining why they were not and what steps Debtor took to obtain them.

Pursuant to that Order, the Debtor did supply a number of documents to the Trustee and an affidavit. Following a hearing on the Trustee's objection to the nature and extent of Debtor's compliance with the Order, the Court ordered the Trustee to deliver to the Court what was produced to the Trustee so the Court could review and opine on the matter. What follows are the results of that review and the Court's conclusions.

As to paragraph numbered 1 of the Order, what Debtor produced appears to be a list of bank checking account transactions covering the indicated period, apparently compiled by the Debtor from unidentified source material. However, (1) it does not identify the bank or the account number or who are the owner(s) of the account; (2) in any event, the printing is too small to be sufficiently legible for review and analysis purposes; and (3) the Order requires **copies of cancelled checks or a check register**. Accordingly, in those respects the Debtor has so far not fully complied with that portion of the Order.

As to paragraph numbered 2 of the Order relating to credit card and loan **applications** for the various listed items or accounts:

> (a). Debtor's Schedule F refers to an American Express Credit Card item the account ending in number 7988. What Debtor supplied was page 1 (of 19) of an account invoice for an American Express account in the name of Ray Szpiech, with a closing date of July 21. 2016, showing a balance due of $7,600.15, with an account number ending in 7-94007. However, the Order, refers to an account ending in number 7988. More importantly, it calls for complete copies of the **application for the account**. Accordingly, in those respects, the Debtor has so far not at all complied with the Order as to this item. In addition to supplying, the **application** for the account, Debtor

2

should also supply documentation as to whose account is it and who are authorized to make charges to the account, and, account for the different account numbers.

(b). Debtor's Schedule F refers to an Amex Dept Stores 2009 credit card (Macy's) account ending in #5215; Debtor submitted no documents related to that account and states she contacted Macy's and was told it was not available. Debtor' response is not sufficiently credible and Debtor must engage in further efforts to obtain the subject credit card application either from Macy's or American Express, and, document those efforts.

(c). Debtor's Schedule F refers to a Navient 2006 Student Loan, account ending in #1000. Debtor submitted a loan statement and history for an account #9009, not #1000, saying the latter is unavailable. What Debtor received appears to be in response to a request from her, and it is not apparent that she even requested from Navient what the Order specifically asked for. Furthermore, what the Order requires is the noted **loan application** itself. The Debtor must engage in further efforts to obtain same from either the loan originator, its assignee, and/or the loan servicer, and document those efforts, as well as account for the different account numbers.

(d). Debtor's Schedule F refers to a Nordstrom 2014 Credit card account ending in number 7827. Debtor submitted no documents relative to that account, but stated that her husband is primarily on the account, and Debtor is an authorized signer and that such relates to an account ending in #5805, not the indicated #7827 Again, what the Order requires is the **application** for this credit card. Debtor must engage in further efforts to obtain same, and supply proof of whose account it is and who are authorized to make charges to it, from Nordstrom or any applicable servicer of the account. Debtor again needs to also account for the different account numbers.

(e). Debtor's Schedule F refers to a USAA Savings Bank 2007 credit card account ending in #4008. What Debtor submitted was a 25 page document the first two pages of which are a credit card application for Carly R. Rusin (presumably a former name of Debtor) for an account ending in #5588, the card being a Mastercard type. The remaining 23 pages appear to be credit report information in relation to the indicated account. This appears to comply with the requirements of the Order, except that Debtor has to account for the different account numbers.

3

As to paragraph 3 of the Order relating to credit card account **statements** for six years for the various listed accounts thereunder:

> (a). American Express Credit Card #7988 - see above in relation to this item. Debtor also needs to supply the indicated statements for the indicated period;
>
> (b). Amex Department Stores 2009 (Macy's credit card); No **statements** were produced. Debtor says only the last six months are available. That is not a sufficient response and Debtor needs to supply such for the indicated period;
>
> (c). Nordstrom Credit Card; see above in relation to this item; No account **statements** were produced, and need to be for the indicated period;
>
> (d). USAA Savings Bank credit card; See above. No account **statements** were produced and need to be for the indicated period.

By virtue of the foregoing **IT IS HEREBY ORDERED** as follows: (A). Debtor shall fully comply with the above indicated requirements as to the various items and deliver such to the Trustee on or before October 14, 2016; a hearing will be held on September 29, 2016, at 9:30 a.m. for the purpose of advising the Court and the Trustee as to Debtor's progress to date in complying with this Order; (B). Applicable law provides that such discovery obligations are subject to amelioration to the extent that such may be determined to be an undue burden or cost. It is not apparent at this moment that compliance involves an undue burden or cost. If it is the position of the Debtor that such is or will be the case as to any particular item(s) or requirement(s), Debtor shall file and serve on the Trustee a pleading to that effect on or before September 26, 2016, detailing the specific nature and extent of the burden, and, if costs are also involved, the exact costs required for the obtaining of such items; and that matter will be heard at the September 29, 2016, hearing.

4

**Signed on August 26, 2016**

                                              /s/ Walter Shapero
                                              Walter Shapero
                                              United States Bankruptcy Judge